34

as to whom no liability whatever is shown and avoid the embarrassing requirements of the Practice Act of 1915 by merely appending to his statement of claim a rubber stamp allegation that, 'the defendants are jointly liable.' It is not necessary to give the act a construction which would produce such absurd consequences. Undoubtedly the Act of 1923 contemplated that the statement of claim should affirmatively show such facts as would indicate some liability as to each and every defendant named, but postpones the determination as to whether or not the liability is joint or several until the time of trial. There would be neither reason nor justice in requiring a defendant to go to the expense of preparing for trial when there is nothing in the entire statement of claim to show any liability, either joint or several, on his part, excepting the mere phrase, 'the defendants are jointly liable.' " See Cleary v. Quaker City Cab Co., 285 Pa. 241, 132 A. 185.

The judgment is affirmed.

Texas Company *v.* Bituminous Service Company, Inc., Appellant.

Argued January 17, 1935.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Drew and Linn, JJ.

38

*Vincent Nicholson,* of *Taylor, Hoar & Nicholson,* with him *C. Raymond Young,* for appellant.

*Maurice Heckscher,* of *Duane, Morris & Heckscher,* with him *Archibald T. Holding,* of *Holding & Harvey,* for appellee.

PER CURIAM, March 25, 1935:
The judgment is affirmed on the opinion of Judge WINDLE.